UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TONYA CAMPBELL and JOHN PADEN,
on behalf of themselves
and all others similarly situated,

                              Plaintiffs,

v.                                                          CIVIL ACTION NO.  3:22cv34

INTERCONTINENTAL CAPITAL GROUP, INC.,

                              Defendant.

## COMPLAINT

Plaintiffs Tonya Campbell and John Paden, individually and on behalf of all others similarly situated, respectfully move for judgment against Defendant Intercontinental Capital Group, Inc. ("ICG" or "Defendant") as follows.

## I.      SUMMARY OF ACTION

1.      This Complaint seek relief for claims for unpaid overtime in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"), for breach of a common contract, and for violations of the New York Labor Law §§ 190, et seq & 650, et seq. ("NYLL"), the Virginia Wage Payment Act, VA Code § 40.1-29 ("VWPA"), the Virginia Overtime Wage Act, VA Code, § 40.1-29.2 ("VOWA"), and other laws arising out work that Plaintiffs, and others similarly situated, performed as employees of Defendant.

2.      Plaintiffs contend that Defendant has violated and continues to violate the FLSA, breached their and similarly situated employees' uniform compensation agreements, and violated the VWPA, VOWA, and NYLL by having a policy and/or practice of not including all bonuses,

1

commissions, and other eligible remuneration earned by Plaintiffs and other similarly situated employees in calculating their overtime pay rates. This resulted and results in Plaintiffs and all similarly situated employees receiving less overtime wages than they are entitled to receive. These employees are similarly situated under Rule 23 of the Federal Rules of Civil Procedure and the FLSA, 29 U.S.C. § 216(b).

3.      The FLSA Collective is made up of all persons who have been employed by Defendant and who worked more than 40 hours in at least one week but received an overtime pay rate that did not include all bonuses, commissions, and other eligible remuneration within three years prior to this action's filing to the trial of this action (the "Collective Period").

4.      Plaintiffs, on behalf of themselves and members of the FLSA Collective, seek unpaid overtime wages, liquidated damages, pre and post judgment interest, attorneys' fees and costs, and all relief allowed by law arising out of the Defendant's FLSA violations.

5.      The National Class is made up of all persons who have been employed by Defendant and who worked more than 40 hours in at least one week but received an overtime pay rate that did not include all bonuses, commissions, and other eligible remuneration within six years prior to this action's filing to the trial of this action (the "National Class Period").

6.      Plaintiffs, on behalf of themselves and members of the National Class, seek unpaid contractual wages, unlawfully deducted wages, unpaid overtime wages, liquidated damages, pre and post judgment interest, attorneys' fees and costs, and all relief allowed by law arising out of the Defendant's breach of contract and violations of the NYLL.

7.      Plaintiffs further allege that Defendant's pay policies and practices described herein also violate the Virginia Overtime Wage Act, VA Code § 40.1-29.2 ("VOWA"), constitute breach of contract under Virginia law, and violate the Virginia Wage Payment Act,

VA Code § 40.1-29 ("VWPA"). Plaintiffs, on behalf of themselves and others similarly situated, seek unpaid overtime wages, unpaid contractual wages, liquidated damages, triple damages, pre and post judgment interest, attorneys' fees and costs, and all relief allowed by law arising out of the Defendant's VOWA, VWPA, and contract violations. For purposes of the VWPA and VOWA claims, the Virginia Collective is made up of all persons who have been employed by Defendant who physically worked for Defendant in Virginia, and who worked more than 40 hours in at least one week but received an overtime pay rate that did not include all bonuses, commissions, and other eligible remuneration at any time from July 1, 2020 (with respect to VWPA claims) and from July 1, 2021 (with respect to VOWA claims) to the trial of this action (the "Virginia Class Periods").

8.      Plaintiffs reserve the right to propose amended class definitions and/or sub-classes, including possible state-specific subclasses, in their motions for collective action and class action certification, to the extent discovery warrants such amendments or subclasses.

## II.      JURISDICTION AND VENUE

9.      This Court has jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331, as well as 29 U.S.C. § 216(b) and (c) in that the Plaintiffs may bring this action in any appropriate United States District Court.

10.     This Court has supplemental jurisdiction over the state law contract, NYLL, VOWA, and VWPA claims pursuant to 28 U.S.C. § 1367, as these claims are so related to the FLSA claims they form part of the same case or controversy. In short, Defendant's pay policies and practices with respect to the calculation of overtime rates violate the FLSA, NYLL, VOWA, VWPA, and constitute breach of contract.

11.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Civil Rule

3(C) since the acts and omissions giving rise to this lawsuit have taken place in this division in the Eastern District of Virginia. For example, Plaintiff Campbell worked for Defendant in this division and received the allegedly FLSA-violating and state law-violating wages in this division.

12.     Defendant is subject to personal jurisdiction in the Commonwealth of Virginia. Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

### III.   PARTIES

13.     Plaintiff Tonya Campbell is a resident of Amelia County, Virginia. From approximately August 17, 2020 to September 30, 2021, Plaintiff Campbell worked for Defendant in Virginia as a mortgage loan officer. Plaintiffs was an "employee" as defined in the FLSA, NYLL, VOWA, and VWPA.

14.     Plaintiff John Paden is a resident of Waynesboro, Virginia. From approximately October 20, 2020 to September 30, 2021, Plaintiff worked for Defendant in Virginia as a mortgage loan officer. Plaintiffs was an "employee" as defined in the FLSA, NYLL, VOWA, and VWPA.

15.     Defendant Intercontinental Capital Group, Inc., is a New York corporation authorized to transact business in Virginia and with a registered agent in Virginia. Its corporate headquarters are located at 265 Broadhollow Rd., Ste 220, Melville, NY, 11747. Defendant meets the definition of "employer" as defined in the FLSA. Defendant has offices and employees throughout the United States.

16.     At all times relevant, Defendant exercised control over the terms and conditions of the employment of Plaintiffs and other similarly situated employees.

17.     At all times relevant, Defendant and its agents made the FLSA, state law, and contract-violating pay decisions, administered payroll, and issued the FLSA, state law, and contract-violating payments to all employees nationwide in and from its corporate headquarters in New York.

18.     Plaintiffs are informed, believe, and thereon allege that Defendant's gross annual sales made or business done is $500,000.00 or greater. Defendant operates in interstate commerce by, among other things, selling mortgage loans in multiple states.

19.     Early in their employment, each Plaintiff signed an employment agreement drafted by ICG that purports to authorize arbitration of certain employment claims. This arbitration provision contained language expressly allowing Plaintiffs to opt out of the arbitration provision by striking through the provision and writing their initials. As with all other materials terms of the contract, the arbitration opt-out provision included no expiration or sunset date.

20.     During her employment, Plaintiff Campbell opted out of the arbitration provision by striking through the provision and initialing, precisely as the document instructed her to do. She provided a copy of her exercised opt-out to ICG. A copy of Plaintiff Campbell's employment agreement and compensation agreement addendum, with her email opting out of the arbitration provision, is attached as Exhibit 3.

21.     Prior to filing this action, Plaintiff Paden opted out of the arbitration provision by striking through the provision and initialing, precisely as the document instructed him to do. He provided a copy of his exercised opt-out to ICG. A copy of Plaintiff Paden's employment agreement, with his email opting out of the arbitration provision, is attached as Exhibit 4. Plaintiff Paden asserts he signed the same or substantially the same compensation agreement addendum as Plaintiff Campbell, attached at the end of Exhibit 3, and will seek a copy of the

compensation agreement in discovery.

## IV.    FACTUAL ALLEGATIONS

22.    Defendant ICG is in the business of selling mortgage loans and related products to consumers.

23.    Defendant maintains offices in approximately twenty-five states.

24.    Defendant employs salespeople who sell its products from inside Defendant's offices and/or from inside the salespeople's home offices.

25.    Defendant's salespeople may have different titles, depending on when and how they become involved in the sales process, date of hire, recruiting purposes, branding purposes, and possibly other factors. The titles given to Defendant's salespeople include but are not limited to loan officers, loan originators, loan processors, loan consultants, loan analysts, closers, closing associates, client advisors, inside sales reps, sales consultants, client relations specialists, and others.

26.    Regardless of titles, Defendant's salespeople are non-exempt employees entitled to overtime compensation under the FLSA when they work more than 40 hours in a week.

27.    Under the FLSA, Defendant's salespeople are entitled to overtime compensation at a rate equal to 1.5 times their regular rate of pay for hours worked above 40 in a week.

28.    Defendant's salespeople are generally compensated pursuant to uniform, template employment agreements and/or compensation plans that provide for a base rate plus bonuses, commissions, and/or other remuneration. The bonuses and commissions are generally calculated using formulas that relate to sales and/or other kinds of productivity.

29.    At all times relevant, when Defendant has calculated the overtime compensation it

pays to its salespeople, Defendant uses an overtime rate that reflects only the salespeople's base rates.

30.     At all times relevant, when Defendant has calculated the overtime compensation it pays to its salespeople, Defendant does not include the salespeople's bonuses, commissions, or other remuneration besides their base rates in calculating these employees' overtime rates of pay.

31.     By not including bonuses, commissions, and/or other eligible remuneration in calculating the employees' overtime rates of pay, Defendant fails to pay the employees the full overtime wages they are entitled to receive under the FLSA, NYLL, VOWA, and their contracts, in violation of the NYLL and VWPA.

32.     At all times relevant, Defendant and its agents made and continue to make the FLSA, NYLL, VOWA/VWPA, and contract-violating pay decisions, administered payroll, and issued the FLSA, NYLL, VOWA/VWPA, and contract-violating payments to all employees nationwide in and from its corporate headquarters in New York.

33.     Plaintiffs and similarly situated employees' employment compensation agreements stated that they would be paid overtime rates based on all forms of compensation and that New York law would govern interpretation of the agreement. (*See* Ex. 3, ¶ 14 and page 8.)

34.     Specifically, Plaintiff Campbell and, upon information and belief, Plaintiff Paden signed employment compensation agreements drafted by ICG that gave them a contractual right to overtime compensation calculated using a certain formula that included all forms of compensation. The agreements stated in relevant part:

     a.     "If Employee exceeds 40 hours in any week, s/he will receive an overtime premium of 1.5 times the Regular Rate of pay for each hour worked in excess of 40 hours in the week. The Regular Rate of pay is determined by dividing the total compensation

applicable to the pay period by the total hours worked." (Ex. 3, page 8, both "Salary" paragraphs.)

35.     Plaintiffs' agreements were a template agreement. Upon information and belief, the other members of the National Class had the same or substantially the same agreements and the same or substantially the same provision regarding overtime compensation.

36.     From approximately August 17, 2020 to September 30, 2021, Plaintiff Campbell worked for Defendant as a loan officer.

37.     From approximately October 20, 2020 to September 30, 2021, Plaintiff Paden worked for Defendant as a loan officer.

38.     As loan officers, Plaintiffs' job duties involved selling mortgage loans to Defendant's customers.

39.     Plaintiffs job duties did not require they sold mortgage loans from any location other than Defendant's offices or their own home offices.

40.     Defendant paid Plaintiffs a base rate plus bonuses and commissions.

41.     Defendant paid Plaintiffs a base rate of $10.00 to 13.00 per hour.

42.     Plaintiffs also received bonuses and commissions based on the sales they made each week. These payments were made to them on a monthly basis.

43.     Plaintiffs worked more than 40 hours in some weeks.

44.     When Defendant calculated Plaintiffs' overtime rate of pay, it used a regular rate of pay that reflected only Plaintiffs' base rates. Therefore, when Defendant paid Plaintiffs' overtime compensation, it used an overtime rate of pay that reflected only Plaintiffs' base rate.

45.     For example, for the pay period 6/16/21 to 6/30/21, Plaintiff Campbell worked approximately 20.97 overtime hours. For the workweeks covered by that pay period, she

received bonuses and/or commissions that should have been included in her overtime pay rate. But she was only paid overtime using a regular rate that reflected only her base rate of $13.00 per hour, for an overtime rate of $19.50. For another example, for the pay period 7/16/21 to 7/31/21, Plaintiff Campbell worked approximately 20.38 overtime hours. For the workweeks covered by that pay period, she received bonuses and/or commissions that should have been included in her overtime pay rate. But she was only paid overtime using a regular rate that reflected only her base rate of $13.00 per hour, for an overtime rate of $19.50.

46.    For example, for the pay period 7/16/21 to 7/31/21, Plaintiff Paden worked approximately 15.60 overtime hours. For the workweeks covered by that pay period, he received bonuses and/or commissions that should have been included in his overtime pay rate. But he was only paid overtime using a regular rate that reflected only his base rate of $10.00 per hour, for an overtime rate of $15.00.

47.    When Defendant calculated similarly situated employees' overtime rates of pay, it used regular rates of pay that reflected only the employees' base rates. Therefore, when Defendant paid similarly situated employee's overtime compensation, it used overtime rates of pay that reflected only the employees' base rates.

48.    When Defendant calculated Plaintiffs' overtime compensation, it did not include Plaintiffs' bonuses, commissions, and/or other eligible remuneration in calculating their overtime rates of pay.

49.    When Defendant calculated similarly situated employees' overtime compensation, it did not include their bonuses, commissions, and/or other eligible remuneration in calculating their overtime rates of pay.

50.    By not including bonuses, commissions, and/or other eligible remuneration in

calculating Plaintiffs' and similarly situated employees' overtime rates of pay, Defendant failed to pay or withheld from Plaintiffs and similarly situated employees a portion of the overtime compensation they were entitled to receive under the FLSA, their contracts, the NYLL, VOWA, and VWPA.

51.    The failure-to-pay-wages and unlawful-deduction-from wages claims, under N.Y. Lab. Law §§ 191 and 193, and the VWPA, VA Code §40.1-29, are premised on Defendant's failure to pay wages in accordance with Plaintiffs' and similarly situated employees' compensation agreements, which promised they would be paid overtime compensation using the certain formula that included all forms of compensation in calculating their overtime rates.

52.    Upon information and belief, Defendant omitted bonuses, commissions, and/or other remuneration from its overtime rate calculations with the intent to lower costs by paying its employees less than the full overtime wages guaranteed by the FLSA, their contracts, NYLL, VOWA, and VWPA.

53.    Defendant knew Plaintiffs and similarly situated employees worked overtime hours without getting paid the full overtime premiums required by the FLSA, their contracts, NYLL, VOWA, and VWPA.

54.    Plaintiffs and the similarly situated employees were not employed in any bona fide executive, administrative, or professional capacity. Nor did they qualify for the outside sales exemption.

55.    Based on the nature of the job duties of Plaintiffs and all similarly situated employees, there is no FLSA or state law exemption that applies to preclude them from being paid the full overtime rate at one and one-half times their regular rate of pay, including bonuses and commissions, for all hours worked in excess of 40 per week.

56.     Defendant willfully violated the FLSA, Plaintiff's and similarly situated employees' contracts, the NYLL, VOWA, and VWPA by knowingly failing to pay its employees their full overtime rates.

57.     At all relevant times Defendant knowingly failed to pay wages to Plaintiffs and similarly situated employees in accordance with the FLSA, their contracts, NYLL, VOWA, and VWPA.

58.     At all relevant times Defendant intended to deprive Plaintiffs and similarly situated employees of the overtime wages to which they were entitled, or acted with reckless disregard for the rights of Plaintiffs and similarly situated employees.

## V.     FLSA COLLECTIVE ACTION ALLEGATIONS

59.     Plaintiffs file this statutorily authorized collective action pursuant to 29 U.S.C. § 216(b) as Representative Plaintiffs on behalf of themselves and all other similarly situated employees. The similarly situated employees are as follows:

a.     **FLSA Collective**: All past and present employees of Defendant who, within the date three years prior to the filing of this suit to the trial of this action, were paid compensation that included bonuses, commissions, or other overtime-rate-eligible remuneration, who worked more than 40 hours in one or more weeks, and were not paid an overtime rate that properly included their bonuses and commissions or other remuneration, in violation of the FLSA.

60.     In short, the FLSA Collective consists of all employees of Defendant who receive or have received overtime pay and whose overtime rates did not include all required bonuses, commissions, and other remuneration in calculating their overtime rates.

61.     Plaintiffs are aware of other employees who are similarly situated.

11

62.     Plaintiffs estimate that there may be 500 or more similarly situated employees who fit the above definition who were deprived of overtime pay because Defendant failed to include their bonuses, commissions, or other eligible remuneration in calculating their overtime rates. At any given time, Defendant employs approximately 300 loan officers alone. This number does not include loan processors, closers, and other similar employees who fit the above definition because Defendant failed to include their bonuses, commissions, or other eligible remuneration in calculating their overtime rates.

63.     Within the past three years, Plaintiffs and similarly situated employees were subject to a common plan or policy of Defendant to avoid paying overtime wages by not including bonuses, commissions, and/or other eligible remuneration in calculating overtime rates.

64.     Upon information and belief, Plaintiffs and similarly situated employees were paid under a similar pay scheme which deprived them of full overtime pay.

65.     Upon information and belief, these employees perform work which entitles them to payment of overtime compensation that they have not fully received, due to Defendant's failure to include all required remuneration in calculating their overtime rates of pay.

66.     Upon information and belief, Defendant compensated, and continues to compensate, those similarly situated to Plaintiffs on a uniform compensation basis.

67.     Defendant's policy of omitting bonuses, commissions, and other eligible remuneration from the overtime rate calculation to avoid paying full overtime wages amounted to a willful or reckless disregard of its employees' rights under the FLSA and state law.

68.     Defendant had no good faith basis to believe that these employees were not entitled to overtime at the full rate required by the FLSA and state law.

69. Plaintiffs assert that Defendants' willful disregard of the overtime laws described herein entitles Plaintiffs and similarly situated employees to the application of the three (3) year limitations period.

70. Plaintiffs' job duties, and the job duties of those similarly situated to Plaintiffs, are not exempt from the coverage of the FLSA.

71. At all relevant times, Plaintiffs and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA.

72. Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and the FLSA Collective, and as such, notice should be sent to the Collective. There are numerous similarly situated current and former employees of Defendant who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of Court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

**A.      Notice of Filing of Consent to Become a Party Plaintiff.**

73. Plaintiffs hereby file their Written Consents to Become Party to Collective Action Under 29 U.S.C. § 216. Plaintiffs' Written Consent Forms are attached as Exhibits 1 and 2.

**VI.      NATIONAL CLASS ALLEGATIONS**

74. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

a. **National Class**: All past and present employees of Defendant who, within the date six years prior to the filing of this suit to the trial of this action, were paid compensation that included bonuses, commissions, or other overtime-rate-eligible remuneration, who worked more than 40 hours in one or more weeks, and were not paid an

overtime rate that included their bonuses and commissions or other remuneration properly included in calculating overtime pay under their compensation agreements and the NYLL.

75.     In short, the National Class consists of all employees of Defendant who receive or have received overtime pay and whose overtime rates did not include all bonuses, commissions, and other remuneration required to be included in calculating their overtime rates under their compensation agreements and the NYLL.

76.     Numerosity:   Upon information and belief, the National Class is so numerous that joinder of all members is impracticable. Plaintiffs are informed and believe, and on that basis allege, that during the relevant time period, Defendants employed over 500 people who satisfy the definition of the proposed National Class.

77.     Typicality:     Plaintiffs' claims are typical of the National Class. The claim is based on Defendant's corporate policy and practice of omitting bonuses, commissions, and other eligible remuneration from its calculation of its salespeople's overtime pay. Plaintiffs had the same basic duties and responsibilities or other Class members. Plaintiffs and other Class members including salespeople such as loan officers, loan originators, loan processors, loan consultants, loan analysts, closers, closing associates, client advisors, inside sales reps, sales consultants, client relations specialists, were all subject to Defendant's policy and practice of omitting bonuses, commissions, and other eligible remuneration from its calculation of overtime compensation.

78.     Superiority:    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants.

79.     <u>Adequacy</u>:      Plaintiffs will fairly and adequately protect the interests of the National Class, and have retained counsel experienced in complex wage and hour class and collective action litigation.

80.     <u>Commonality</u>: Common questions of law and fact exist to all members of the National Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

      a.      Whether Defendant's policy and practice of omitting bonuses, commissions, and other eligible remuneration from its calculation of overtime compensation violates the contractual rights of the National Class;

      b.      Whether Defendant's policy and practice of omitting bonuses, commissions, and other eligible remuneration from its calculation of overtime compensation violates the NYLL;

      c.      The proper measure of damages sustained by Plaintiffs and the Class;

      d.      Whether Defendant's actions were willful.

81.     This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the National Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

82.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the National Class predominate over any questions only affecting individual members of the National Class, and because a class action is superior to

other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the members of the National Class the overtime pay to which they are entitled. The damages suffered by the individual National Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

83.     Plaintiffs intend to send notice to all members of the National Class to the extent required by Rule 23. The names and addresses of the members of the National Class are available from Defendant.

84.     Plaintiffs reserve the right to propose amended class definitions and/or sub-classes in their motions for collective action and class action certification.

## VII.   Claims

**Count I: Violations of the FLSA**
**(Overtime Violations)**
**(On Behalf of Plaintiffs and FLSA Collective)**

85.     Plaintiffs allege and incorporate by reference the preceding paragraphs as if fully set forth herein.

86.     At all times relevant herein, Defendant has been, and continues to be, an "employer," and Plaintiffs and each similarly situated employee has been, or continues to be, an "employee" within the meaning of 29 U.S.C. §§ 203(d) and (e).

87.     The FLSA requires covered employers, such as Defendant, to compensate all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty hours per week. 29 U.S.C. § 207. As such, Plaintiffs and all similarly situated employees are entitled to overtime compensation at one and one-half times

their regular rates of pay for work performed in excess of forty hours per week.

88.     The FLSA requires that the "regular rate" used to calculate the overtime rate shall be deemed to include "all remuneration for employment paid to, or on behalf of, the employee[,]" except for specified excluded types of remuneration that do not apply here. 29 U.S.C. § 207(e).

89.     By failing to include bonuses, commissions, and all other eligible remuneration in calculating the regular rates and overtime rates paid to Plaintiffs and similarly situated employees, Defendant has violated, and continues to violate the FLSA. Through this practice, Defendant paid and continues to pay these employees less overtime wages than it is required to pay under the FLSA.

90.     By failing to compensate Plaintiffs and similarly situated employees with their full overtime wages for their overtime hours worked, Defendant has violated, and continues to violate the FLSA.

91.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

92.     Plaintiffs seek damages for themselves and all others similarly situated in the amount of unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorneys' fees incurred in investigating and prosecuting this claim, all other relief available under the FLSA, and all other such legal and equitable relief as the Court deems just and proper.

93.     Plaintiffs hereby file their Written Consents to Become Party to Collective Action Under 29 U.S.C. § 216. Plaintiffs' Written Consent Forms are attached as Exhibits 1 and 2.

**Count II: Breach of Contract**
**(New York Law)**

17

**(On Behalf of Plaintiffs and National Class)**

94.     Plaintiffs allege and incorporates by reference the preceding paragraphs as if fully set forth herein.

95.     Under New York law, the elements of a breach of contract action are "the existence of a contract, the Plaintiffs' performance thereunder, the defendant's breach thereof, and resulting damages[.]" *Markov v. Katt,* 176 A.D.3d 401, 401–02, 109 N.Y.S.3d 295, 296 (2019).

96.     Defendant entered into uniform employment and compensation agreements with Plaintiffs and the National Class. The employment and compensation agreements were a template agreement whose terms were common to Plaintiffs and the members of the National Class. A sample employment and compensation agreement is attached as Exhibit 3. The compensation agreement is presented in this sample as an addendum to the employment agreement.

97.     Pursuant to the written employment and compensation agreement, Defendant and Plaintiffs and other members of the National Class had a contract whereby Defendant promised pay Plaintiffs an overtime premium using a specific formula, namely:

     a.     "If Employee exceeds 40 hours in any week, s/he will receive an overtime premium of 1.5 times the Regular Rate of pay for each hour worked in excess of 40 hours in the week. The Regular Rate of pay is determined by dividing the total compensation applicable to the pay period by the total hours worked." (Ex. 3, page 8, both "Salary" paragraphs.)

98.     The employment and compensation agreement signed by Plaintiffs was a template agreement whose terms were common to Plaintiffs and the members of the National Class.

99.     Paragraph 14 of Plaintiffs' and the National Class's employment and compensation agreement provided that "This Agreement shall be governed by and interpreted in accordance with the laws of the state of New York." (Ex. 3, ¶ 14.)

100.     Plaintiffs and the National Class performed their end of the contract. In addition, Plaintiffs worked more than 40 hours in multiple weeks, thus giving rise to Defendant's obligation to pay an overtime premium pursuant to the contractual formula.

101.     Defendant breached this agreement by omitting commissions, bonuses, and other forms of compensation from its calculation of the overtime premium paid to Plaintiffs and the National Class.

102.     Defendant's breach of its obligations caused Plaintiffs and the National Class to incur damages in the form of lost contractual wages.

103.     Plaintiffs seek damages in the amount of unpaid contractual wages, interest, and all other such legal and equitable relief as the Court deems just and proper.

### Count III: Violations of the New York Labor Law
### (Unlawful Deductions from Wages and Failure to Pay Wages)
### (On Behalf of Plaintiffs and the National Class)

104.     Plaintiffs allege and incorporates by reference the preceding paragraphs as if fully set forth herein.

105.     Pursuant to the choice of law provision in paragraph 14 of the employment and compensation agreement in concert with the agreement's overtime premium language quoted above, the New York Labor Law applies to the failure to pay contractual wages to the National Class.

106.     At all times relevant to this action, Plaintiffs and the National Class were

employed by Defendant within the meaning of the New York Labor Law.

107.    Section 191 of the NYLL provides that as a general rule, commissioned employees must be paid "the wages … and all other monies earned or payable in accordance with the agreed terms of employment, but not less frequently than once in each month and not later than the last day of the month following the month in which they are earned; N.Y. Lab. Law § 191 (c).

108.    Section 191 of the NYLL further provides that clerical workers "shall be paid the wages earned in accordance with the agreed terms of employment, but not less frequently than semi-monthly, on regular pay days designated in advance by the employer." N.Y. Lab. Law § 191 (c).

109.    Section 193 of the NYLL provides: "No employer shall make any deduction from the wages of an employee" except for certain exceptions, such as those deductions made in accordance with law and those "expressly authorized in writing by the employee and [] for the benefit of the employee[.]" N.Y. Lab. Law § 193.

110.    The Section 193 prohibition on deductions from wages further provides: "There is no exception to liability under this section for the unauthorized failure to pay wages, benefits or wage supplements." N.Y. Lab. Law § 193(5); § 198(3).

111.    Pursuant to the template compensation agreements that Defendant provided to Plaintiffs and members of the National Class, Plaintiffs and the National Class members had a contractual right to overtime compensation that was calculated using a certain formula and all forms of compensation. Plaintiffs' agreement stated in relevant part:

    a.    "If Employee exceeds 40 hours in any week, s/he will receive an overtime premium of 1.5 times the Regular Rate of pay for each hour worked in excess of 40 hours

in the week. The Regular Rate of pay is determined by dividing the total compensation applicable to the pay period by the total hours worked." (Ex. 3, page 8, both "Salary" paragraphs.)

112.   Plaintiffs' agreement was a template agreement. Upon information and belief, the other members of National Class had the same or substantially the same agreements.

113.   Defendant failed to pay Plaintiffs and the National Class an overtime premium using the formula in their agreements.

114.   By failing to pay Plaintiffs and the National Class overtime wages using the formula in their compensation agreements, Defendant committed an unlawful deduction from wages in violation of N.Y. Lab. Law § 193.

115.   None of the permissible exceptions apply to Defendant's deduction from wages described herein.

116.   Defendant failed to pay Plaintiffs and the National Class overtime wages using the formula in their compensation agreements during the time periods required by Section 191 of the NYLL and the agreements.

117.   By failing to pay Plaintiffs and the National Class overtime wages during the time periods required by Section 191 of the NYLL and their employment agreements, Defendant committed a failure to pay wages in violation of N.Y. Lab. Law § 191.

118.   As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the National Class have sustained and seek to recover damages, including unpaid overtime compensation, liquidated and/or triple damages, pre and post judgment interest, and attorneys' fees and costs.

**Count IV: Violations of the New York Labor Law**
**(Overtime Violations)**
**(On Behalf of Plaintiffs and the National Class)**

119.     Plaintiffs allege and incorporate by reference the preceding paragraphs as if fully set forth herein.

120.     Pursuant to the choice of law provision in paragraph 14 of the employment and compensation agreement in concert with the agreement's overtime premium language quoted above, the New York Labor Law applies to the failure to pay overtime wages to the National Class.

121.     At all times relevant to this action, Plaintiffs and the National Class were employed by Defendant within the meaning of the New York Labor Law.

122.     By the course of conduct set forth above, Defendant has violated the New York Labor Law, 12 NYCRR 142-2.2.

123.     The NYLL requires employers, such as Defendant, to pay overtime compensation to all non-exempt employees "at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in" the FLSA. 12 NYCRR 142-2.2.

124.     The NYLL requires employers, such as Defendant, to include commissions, bonuses, and other eligible remuneration in calculating employees' overtime rates of pay.

125.     Plaintiffs and the National Class were non-exempt employees entitled to be paid proper overtime compensation for all hours worked.

126.     During the relevant statutory period, Plaintiffs and the National Class worked in excess of forty hours in a work week for Defendant.

127.     During the relevant statutory period, Defendant failed and refused to pay the Plaintiffs and the National Class proper overtime compensation for overtime hours worked that

included all commissions, bonuses, and other eligible remuneration.

128.    Defendant had a policy and practice of refusing to include bonuses, commissions, and all other eligible remuneration in calculating the regular rates and overtime rates paid to Plaintiffs and the National Class.

129.    As a result of Defendant's failure to include all bonuses, commissions, and all other eligible remuneration in calculating the overtime rates paid to Plaintiffs and similarly situated employees, Defendant violated the NYLL.

130.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the National Class have sustained and seek to recover damages, including unpaid overtime compensation, liquidated and/or triple damages, pre and post judgment interest, and attorneys' fees and costs.

### Count V: Violations of the Virginia Overtime Wage Act
### (Overtime Violations)
### (On Behalf of Plaintiffs And Opt-Ins Who Worked in Virginia Only)

131.    Plaintiffs allege and incorporates by reference the preceding paragraphs as if fully set forth herein.

132.    Plaintiffs currently do not know whether there are a sufficient number of potential Plaintiffs who physically worked for Defendant in Virginia to satisfy the numerosity requirement for a class or subclass under Fed. R. Civ. P. 23(a)(1). A collective action for the VWPA and VOWA claims is appropriate pursuant to VA Code §§ 40.1-29.2 and 40.1-29(J). Should discovery reveal as sufficient number of similarly-situated Virginia workers to satisfy the Rule 23 numerosity requirement, Plaintiffs reserve the right to amend to assert the VWPA, VOWA, and Virginia breach of contract claims as Rule 23 class action claims.

133.    The VWPA provides for collective actions for violations of the VWPA or the

VOWA: "[I]f an employer fails to pay wages to an employee in accordance with this section or §

40.1-29.2 [VOWA], the employee may bring an action, individually, jointly, with other

aggrieved employees, or on behalf of similarly situated employees as a collective action

consistent with the collective action procedures of the Fair Labor Standards Act, 29 U.S.C. §

216(b)[.]" VA Code § 40.1-29 (J).

134.    Plaintiffs bring this VOWA count as a statutorily-authorized collective action

pursuant to VA Code § 40.1-29(J), on behalf of themselves and all similarly situated employees,

defined for purposes of this count as opt-ins to the FLSA Collective who physically worked for

Defendant in Virginia at any time from July 1, 2021 to the date of trial of this action.

135.    For time period of July 1, 2021 through present, Defendant has been, and

continues to be, an "employer," and Plaintiffs and each similarly situated employee, have been,

or continue to be, an "employee" within the meaning of the Virginia Overtime Wage Act, VA

Code § 40.1-29.2(A).

136.    The VOWA requires, "For any hours worked by an employee in excess of 40

hours in any one workweek, an employer shall pay such employee an overtime premium at a rate

not less than one and one-half times the employee's regular rate, pursuant to 29 U.S.C. § 207."

VA Code § 40.1-29.2(B). As such, Plaintiffs and all similarly situated employees are entitled to

overtime compensation at one and one-half times their regular rates of pay for work performed in

excess of forty hours per week.

137.    The VOWA, like Section 207 of the FLSA, requires that the "regular rate" used to

calculate the overtime rate shall be deemed to include "all remuneration for employment paid to,

or on behalf of, the employee[,]" except for specified excluded types of remuneration that do not

apply here. 29 U.S.C. § 207(e).

24

138.    By failing to include bonuses, commissions, and all other eligible remuneration in calculating the regular rates and overtime rates paid to Plaintiffs and similarly situated employees, Defendant has violated, and continues to violate the VOWA. Through this practice, Defendant paid and continues to pay these employees less overtime wages than it is required to pay under the VOWA.

139.    By failing to compensate Plaintiffs and similarly situated employees with the full overtime wages for their overtime hours worked, Defendant has violated, and continues to violate the VOWA.

140.    The VOWA provides, "Any employer that violates the overtime wage requirements of this section shall be liable to the employee for all remedies, damages, or other relief available in an action brought under subsection J of § 40.1-29 [The Virginia Wage Payment Act, VA Code § 40.1-29, ("VWPA")]." VA Code § 40.1-29.2(F).

141.    Defendant's pay policies and practices and conduct described herein constitute Defendant "knowingly failed to pay wages to an employee in accordance with … § 40.1-29.2 [the VOWA]" within the meaning of VA Code § 40.1-29(J) and (K).

142.    Plaintiffs hereby file their Written Consents to Become Party to Collective Action Under 29 U.S.C. § 216 and VA Code §§ 40.1-29(J) and 40.1-29.2. Plaintiffs' Written Consent Forms are attached as Exhibits 1 and 2.

143.    Plaintiffs seek damages in the amount of unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorneys' fees incurred in investigating and prosecuting this claim, as well as "an amount equal to triple the amount of wages due and reasonable attorney fees and costs" pursuant to VA Code §§ 40.1-29.2(F) and 40.1-29(J), all other relief available under the VOWA and VWPA, and all other such legal and equitable relief

as the Court deems just and proper.

144.    The VOWA and VWPA claims are limited to Plaintiffs Campbell and Paden individually and any other employees who join this action who physically work or worked for ICG in Virginia.

### Count VI: Violations of Virginia Wage Payment Act
### (Failure to Pay Wages / Unlawful Deductions from Wages)
### (On Behalf of Plaintiffs And Opt-Ins Who Worked in Virginia Only)

145.    Plaintiffs allege and incorporates by reference the preceding paragraphs as if fully set forth herein.

146.    Plaintiffs currently do not know whether there are a sufficient number of potential Plaintiffs who physically worked for Defendant in Virginia to satisfy the numerosity requirement for a class or subclass under Fed. R. Civ. P. 23(a)(1). A collective action for the VWPA and VOWA claims is appropriate pursuant to VA Code §§ 40.1-29.2 and 40.1-29(J). Should discovery reveal as sufficient number of similarly-situated Virginia workers to satisfy the Rule 23 numerosity requirement, Plaintiffs reserve the right to amend to assert the VWPA, VOWA, and Virginia breach of contract claims as Rule 23 class action claims.

147.    At all times relevant to this action, Plaintiffs were employed by Defendant within the meaning of the Virginia Wage Payment Act, VA Code § 40.1-29 (VWPA).

148.    Plaintiffs bring this VWPA count as a statutorily-authorized collective action pursuant to VA Code § 40.1-29(J), on behalf of themselves and all similarly situated employees, defined for purposes of this count as opt-ins to the FLSA Collective who physically worked for Defendant in Virginia at any time from July 1, 2020 to the date of trial of this action.

149.    The VWPA provides, inter alia, that an employer must pay wages due on regular pay periods and "Upon termination of employment an employee shall be paid all wages or

salaries due him for work performed prior thereto; such payment shall be made on or before the date on which he would have been paid for such work had his employment not been terminated." Va. Code § 40.1-29(A).

150.    The VWPA further provides, inter alia, that "No employer shall withhold any part of the wages or salaries of any employee except for payroll, wage or withholding taxes or in accordance with law, without the written and signed authorization of the employee." Va. Code § 40.1-29(C).

151.    Pursuant to the template compensation agreements that Defendant provided to Plaintiffs, Plaintiffs had a contractual right to overtime compensation that was calculated using a certain formula and all forms of compensation. Plaintiffs' agreement stated in relevant part:

    a.    "If Employee exceeds 40 hours in any week, s/he will receive an overtime premium of 1.5 times the Regular Rate of pay for each hour worked in excess of 40 hours in the week. The Regular Rate of pay is determined by dividing the total compensation applicable to the pay period by the total hours worked."

152.    Defendant failed to pay Plaintiffs an overtime premium using the formula in the agreement. In so failing, Defendant committed an unlawful deduction from contractual wages, in violation of the VWPA, Va. Code § 40.1-29(C).

153.    Upon the termination of Plaintiffs' employment, by not paying the overtime premium using the formula in the agreement on or before the date on which Plaintiffs would have been paid for such work had her employment not been terminated, Defendant violated Va. Code § 40.1-29(A).

154.    By failing to pay Plaintiffs an overtime premium using the formula in the compensation agreement, Defendant committed an unlawful failure to pay wages and deduction

from wages in violation of the Virginia Wage Payment Act, Va. Code § 40.1-29(A and (C).

155.    Plaintiffs hereby file their Written Consents to Become Party to Collective Action Under 29 U.S.C. § 216 and VA Code §§ 40.1-29(J) and 40.1-29.2. Plaintiffs' Written Consent Forms are attached as Exhibits 1 and 2.

156.    Plaintiffs seek damages in the amount of unpaid and withheld wages, an equal amount as liquidated damages, interest, all costs and attorneys' fees incurred in investigating and prosecuting this claim, as well as "an amount equal to triple the amount of wages due and reasonable attorney fees and costs" pursuant to VA Code §§ 40.1-29.2(F) and 40.1-29(J), all other relief available under the VOWA and VWPA, and all other such legal and equitable relief as the Court deems just and proper.

### Count VII: Breach of Contract
### (Virginia Law)
### (On Behalf of Plaintiffs Only)

157.    Plaintiffs allege and incorporates by reference the preceding paragraphs as if fully set forth herein.

158.    Under Virginia law, the elements of a breach of contract action are "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the Plaintiffs caused by the breach of obligation*." Filak v. George*, 267 Va. 612, 619, 594 S.E.2d 610, 614 (2004).

159.    Pursuant to the written compensation agreement, Defendant had a legally enforceable obligation to pay Plaintiffs an overtime premium using a specific formula, namely:

   a.    "If Employee exceeds 40 hours in any week, s/he will receive an overtime premium of 1.5 times the Regular Rate of pay for each hour worked in excess of 40 hours in the week. The Regular Rate of pay is determined by dividing the total compensation

applicable to the pay period by the total hours worked."

160.    Defendant breached this agreement by omitting commissions, bonuses, and other forms of compensation from its calculation of the overtime premium paid to Plaintiffs.

161.    Defendant's breach of its obligations caused Plaintiffs to incur damages in the form of lost wages.

162.    Plaintiffs seek damages in the amount of unpaid contractual wages, interest, and all other such legal and equitable relief as the Court deems just and proper.

## **FLSA Relief Requested**

Wherefore, Plaintiffs requests the following Relief against Defendant:

A.    An order conditionally certifying a group or groups of putative collective action members and approving a notice to be sent to all such members, notifying them of this representational lawsuit and their ability to file a written consent to join in this action without threat or fear of reprisal;

B.    Judgment that Plaintiffs and all similarly situated employees were non-exempt employees entitled to protection under the FLSA;

C.    Judgment against Defendant for violations of the overtime and/or minimum wage provisions of the FLSA;

D.    Judgment that Defendant's violations as described above were willful;

E.    Money damages for all unpaid overtime compensation;

F.    Liquidated damages in an amount equal to all unpaid overtime owed to Plaintiffs and similarly situated employees;

G.    Pre-judgment and post-judgment interest;

H.   Reasonable attorneys' fees and costs including expert fees expended in the prosecution of this case and the investigation that preceded it;

I.   Leave to amend to bring additional claims and/or parties, including but not limited to additional claims for retaliation and/or unpaid overtime or minimum wages under the FLSA or other applicable law; and

J.   Any and all further relief permissible by law.


## National Class Relief Requested

Wherefore, Plaintiffs on behalf of themselves and all members of the National Class requests the following Relief against Defendant:

A.   Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.   Designation of Plaintiffs as representatives of the National Class and counsel of record as class counsel;

C.   Unpaid contractual wages, overtime wages, other due wages, liquidated and/or triple damages, injunctive relief, and attorney's fees and costs pursuant to New York law.

D.   Judgment that Plaintiffs and all similarly situated employees were non-exempt employees entitled to protection under the NYLL.

E.   Judgment against Defendant for violations of the overtime and/or minimum wage provisions of the NYLL;

F.   Judgment against Defendant for breach of contract;

G.   Judgment that Defendant's violations as described above were willful;

H.      Money damages for all unpaid wages and overtime compensation;

I.      Money damages for all unpaid contractual wages;

J.      Liquidated damages in an amount equal to all unpaid overtime owed to Plaintiffs and similarly situated employees, and/or triple damages to the full extent allowed by law;

K.      Pre-judgment and post-judgment interest;

L.      Reasonable attorneys' fees and costs including expert fees expended in the prosecution of this case and the investigation that preceded it;

M.      Leave to amend to bring additional claims and/or parties, including but not limited to additional claims for retaliation and/or unpaid overtime or minimum wages under the NYLL or other applicable law; and

N.      Any and all further relief permissible by law.


**<u>VOWA, VWPA, and VA Relief Requested</u>**

Wherefore, Plaintiffs requests the following Relief against Defendant:

A.      Judgment that Plaintiffs were non-exempt employees entitled to protection under the VOWA and VWPA;

B.      Judgment against Defendant for violations of the overtime and/or minimum wage provisions of the VOWA;

C.      Judgment against Defendant for violations of the provisions of the VWPA;

D.      Judgment against Defendant for breach of contract;

E.      Judgment that Defendant's violations as described above were willful;

F.      Judgement that Defendant's violations as described herein constitute

Defendant "knowingly failed to pay wages to an employee in accordance with [the VWPA or VOWA]" within the meaning of VA Code § 40.1-29(J) and (K);

G.  Money damages for all unpaid wages and overtime compensation;

H.  Money damages for unpaid contractual wages;

I.  Liquidated damages in an amount equal to all unpaid wages and overtime owed to Plaintiffs;

J.  Pre-judgment and post-judgment interest;

K.  Reasonable attorneys' fees and costs including expert fees expended in the prosecution of this case and the investigation that preceded it;

L.  An amount equal to "triple the amount of wages due and reasonable attorney fees and costs" pursuant to VA Code §§ 40.1-29.2(F) and 40.1-29(J);

M.  Leave to amend to bring additional claims and/or parties, including but not limited to additional claims for retaliation and/or unpaid overtime or minimum wages under the VOWA, VWPA, or other applicable law; and

N.  Any and all further relief permissible by law.


**<u>Demand for Jury Trial</u>**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby requests a TRIAL BY JURY for all claims and issues so triable.

Dated: January 21, 2022

Respectfully submitted,

**TONYA CAMPBELL and JOHN PADEN,**
**on behalf of themselves and all others similarly**
**situated**
By Counsel

/s/Timothy Coffield
Timothy Coffield (VSB No. 83430)
COFFIELD PLC
106-F Melbourne Park Circle
Charlottesville, VA 22901
P: (434) 218-3133 F: (434) 321-1636
tc@coffieldlaw.com

and

/s/ Craig Juraj Curwood
Craig Juraj Curwood (VSB No. 43975)
Zev Antell (VSB No. 74634)
ButlerCurwood, PLC
140 Virginia Street, Suite 302
Richmond, VA 23219
804.648.4848
craig@butlercurwood.com
zev@butlercurwood.com

Counsel for Plaintiffs

## CERTIFICATE

I HEREBY CERTIFY that unless service is waived a true and correct copy of the foregoing Complaint will be delivered to a qualified process server with instructions to serve the same upon the Defendant or its authorized agents at the following addresses, or any other addresses where Defendant may be found:

INTERCONTINENTAL CAPITAL GROUP, INC.
SERVE:   Corporation Service Company, Registered Agent
         100 Shockoe Slip, Fl 2
         Richmond, VA, 23219 - 4100, USA

/s/Timothy Coffield
Counsel for Plaintiffs