IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

TONYA CAMPBELL *et al.*,
on behalf of themselves and
all others similarly situated,
    Plaintiffs,

v.                                                                            Civil No. 3:22cv34 (DJN)

INTERCONTINENTAL CAPITAL
GROUP, INC.,
    Defendant.

## ORDER APPROVING SETTLEMENT

       This matter comes before the Court on the Joint Motion of Tonya Campbell and John Paden ("Named Plaintiffs"), on behalf of themselves and all others similarly situated, ("Plaintiffs") and Intercontinental Capital Group ("Defendant"), moving for final approval of their settlement pursuant to the Fair Labor Standards Act ("FLSA") (ECF No. 27). Having reviewed the Joint Motion in Support of Settlement Approval (the "Motion"), and the Settlement Agreement and Release (the "Agreement"), and for the reasons stated in the Parties' submissions, the Court GRANTS the Motion and approves the Parties' settlement as a fair and reasonable resolution of a bona fide dispute over Fair Labor Standards Act ("FLSA") claims as required by *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Moreover, all claims asserted in this action were resolved with the assistance of a qualified mediator.

       Accordingly, it is hereby ORDERED that the Agreement reached by the Parties is approved and shall take effect. It is further ORDERED:

1) That all the terms of the Settlement Agreement are approved as "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. When assessing whether an agreement is fair and reasonable, the Court must consider (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *Lunsford v. Woodforest Nat'l Bank*, 2014 WL 12740375, at *6-7 (N.D. Ga. May 19, 2014) (citing *Leverso v. Southtrust Bank*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994)). The settlement satisfies all of these criteria, because it is a fair and reasonable resolution of a bona fide dispute and consistent with the objectives of the FLSA and was the result of arm's-length settlement negotiations in an adversarial context conducted by counsel well-versed in wage and hour law.

2) The Parties shall perform all obligations under the Settlement Agreement.

3) Defendant shall fund and pay the settlement in a manner consistent with the Settlement Agreement. Defendant shall pay a maximum $1,050,000 to settle the claims in this action, which shall be used to provide for:

  a) Settlement Payments to eligible current and former salespeople who wish to join the settlement up to $615,500, distributed on a *pro rata* basis.

  b) Class Counsel's attorneys' fees and costs of $346,000, or 33% of the settlement fund.

  c) Settlement administration costs not to exceed $50,000. Defendant is responsible for any administration costs exceeding $50,000. As the Court stated during the Final Approval Hearing on July 28, 2022, with the

exception of settlement administration costs, the Claims Administrator shall not pay Class Counsel their fees and costs until after all of the class members have received payment.

d) $10,000 in service awards to the two Named Plaintiffs and to the Named Plaintiff in the related case, *Lucas v. Intercontinental Capital Group, Inc.*, 2-22cv591, in the Eastern District of New York ($30,000 total).

e) $8,000.00 for claimed contractual damages to the Named Plaintiffs in this case ($7,000 to Campbell and $1,000 to Paden).

4) This case is hereby dismissed with prejudice subject to full performance of the terms of the settlement agreement.

5) This Court retains jurisdiction to enforce the terms of the settlement pursuant to *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994).

This case is now CLOSED.

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

                                                          /s/
                                          David J. Novak
                                          United States District Judge

Richmond, Virginia
Dated: July 28, 2022